Dear Mr. Becker:
Our office received a request for an opinion concerning the application of La.R.S. 42:11 et seq., the Open Meetings Laws, to the Lafayette Public Trust Financing Authority ("LPTFA"), a public trust organized under the laws of the State of Louisiana and established for the benefit of the City of Lafayette, Louisiana.
Your letter indicates that the LPTFA has recently formed an affiliate non-profit entity which is the general partner of the partnership in commendam formed for the purposes of developing and owning a low income housing tax credit project located in the City of Lafayette. Further, you state that, in connection with certain transactions of the LPTFA and its affiliates, numerous documents or approvals are sometimes necessary and that the LPTFA has experienced difficulty coordinating the schedules of a quorum of the Board of Trustees on short notice.
In light of the above, you have asked our office whether there are any circumstances in which the LPTFA, or any affiliates of the LPTFA, can authorize certain actions by unanimous written consent of its board of trustees in lieu of an open meeting.
The law governing public trusts confirms that meetings of the trustees of LPTFA shall be open to the public and must comply with the Open Meetings Law, La.R.S. 42:11 et seq. La.R.S. 9:2343(D) provides, in part, that "[m]eetings of the trustees of all public trusts shall be open to the public . . . to the extent as is required by law for the beneficiary" and La.R.S. 9:2341(D) provides, in part, that "[a]ll public trusts created heretofore or hereafter shall be subject to the . . . Public Meetings Law . . ."
Thus, your inquiry requires an examination as to whether the Open Meetings Law permits a vote by members of a public body in writing without holding a public meeting. La.R.S. 42:14(C) specifically provides that "[a]ll votes made by members of a public body shall be viva voce and shall be recorded in the minutes, journal, or other official, *Page 2 
written proceedings of the public body, which shall be a public document." This office has previously opined that the "viva voce" language in La.R.S. 42:14 requires a vote with a "live voice," and that the person voting must be physically present. See La. Atty. Gen. Op. Nos. 07-0040 and 99-385. Thus, the members of a public body cannot validly authorize an action via a written vote, even if done unanimously.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________________
Emalie A. Boyce
Assistant Attorney General
JDC:EAB